UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE BECERRA,<br><br>   Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>   Defendant. | Case No. 22-cv-0202-BAS-MSB<br><br>**ORDER DIRECTING DEFENDANT TO RESPOND TO COMPLAINT** |

Defendant removed from the Superior Court of the State of California for the County of San Diego the instant action on February 14, 2022. (Notice of Removal, ECF No. 1; Compl., Ex. A to Notice of Removal, ECF No. 1-2.)

It is well-settled that upon arrival in federal court, a complaint in state court becomes subject to the Federal Rules of Civil Procedure ("Rules") as though it had been initially filed in federal district court. *See Labertew v. Langemeier*, 846 F.3d 1028 (9th Cir. 2017); *but see Istituto Per Lo Sviluppo Economico Dell' Italia Meridonale v. Sperti Prods., Inc.*, 47 F.R.D. 310, 312–13 (S.D.N.Y. 1969) ("Only pleadings filed subsequent to removal must conform to the requirements of the federal rules."). As a general matter, the Rules "do not require repleading when an action is removed from state court." *Lally v. Allstate Ins. Co.*, 724 F. Supp. 760, 763 (S.D. Cal. 1989); *see* Rule 81(c)(1) ("After removal, repleading is

unnecessary unless the court orders it."). However, where the defendant did not answer the complaint prior to removal, the defendant must "answer or present other defenses or objections under these [R]ules" either "(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed," whichever period is longest.

Here, Defendant did not file an answer to the state court complaint, but instead filed a demurrer on October 26, 2021, in state court. (Demurrer to Compl., Ex. C to Notice of Removal, ECF No. 1-4.) A demurrer is not equivalent to an "answer" in federal court for purposes of Rule 81(c)(2). *See, e.g., Great Am. ins. Co. v. Air New Zealand Ltd.*, No. 2:19-cv-3324-AB-MRWx, 2019 WL 7971888, at *3 (C.D. Cal. Oct. 22, 2019) (citing *Witkowsky v. Home Depot, U.S.A., Inc.*, No. 09-06486, 2009 WL 10673595, at *3 (C.D. Cal. Dec. 30, 2009)). Hence, the Rules mandate that Defendant file a responsive pleading in the instant proceeding. Because each of the periods to respond to the Complaint specified in Rule 81(c)(2) have elapsed without Defendant's submission of a responsive pleading, Defendant is **ORDERED** to answer or otherwise respond to the Complaint **by no later than April 18, 2022**.

**IT IS SO ORDERED.**

**DATED: March 29, 2022**

Hon. Cynthia Bashant
United States District Judge