UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE BECERRA,<br><br>                            Plaintiff,<br><br>   v.<br><br>ALLSTATE NORTHBROOK<br>INDEMNITY COMPANY,<br><br>                         Defendant. | Case No. 22-cv-00202-BAS-MSB<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS (ECF No. 5.)** |

Before the Court is Defendant Allstate Northbrook Indemnity Company ("Allstate")'s motion to dismiss Count 1 of Plaintiff Stefanie Becerra ("Becerra")'s Complaint (Compl., Ex. A to Not. of Removal, ECF No. 1-2).[1] (Mot., ECF No. 5; Mem., ECF No. 5-1.) Specifically, Allstate moves to dismiss Becerra's breach of contract claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See* Mot. at 1.) Becerra opposes (Opp'n, ECF No. 6) and Allstate replies (Reply, ECF No. 7). The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons explained below, Allstate's Motion is **GRANTED**.

---

[1] All exhibits are annexed to the Complaint at ECF No. 1-2.

## I. BACKGROUND[2]

### A. Accident

This action stems from Becerra's involvement in a two-car accident with an uninsured driver on December 29, 2015. (*See* Compl. ¶ 5.) Becerra was stopped at an intersection when the uninsured driver, who was being chased by police, struck her vehicle from behind. (*See id.*) The crash totaled Becerra's vehicle and caused her to sustain neck and back injuries. (*See id.*)

### B. Policy

At the time of the accident, Becerra was insured under an Allstate automobile policy ("Policy"), which included uninsured motorist bodily injury ("UM") coverage with a policy limit of $25,000. (Compl. ¶ 6.) A copy of that Policy is annexed as Exhibit 1 to the Complaint. (Policy, Ex. 1 to Compl.) In pertinent part, the Policy states:

> If you and [Allstate] disagree on your right to receive any damages or on the amount of damages, then upon written request of either party, the disagreement will be settled by a single neutral arbitrator.
>
> If arbitration is used, any arbitration award will be binding up to your policy limits and may be entered as a judgment in a proper court. All expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical or other expert witnesses are not considered arbitration expenses and are to be paid by the party incurring them.

(*Id.* at 44.)

### C. Claim

On February 11, 2016, Becerra made a UM claim. (*See* Compl. ¶ 7.) In approximately November of 2016, when she had substantially completed medical treatment for the injuries she sustained from the accident, Becerra's attorney sent Allstate a formal demand for payment of the Policy limit. (*See id.* ¶ 8.)

---

[2] All of these facts are taken from the Complaint. For purposes of this Motion, the Court accepts all the factual allegations therein as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Becerra alleges that on December 23, 2016, nearly one year after Becerra initiated her UM claim but just one month after Becerra's attorney's formal demand, Allstate made an offer of $7,000 to settle. (*See* Compl. ¶ 9.) Becerra responded on January 24, 2017, with a formal demand for arbitration. (*See id.*) Allstate did not respond to Becerra's demand, prompting her to send Allstate a second demand for arbitration, along with a list of potential arbitrators, on March 14, 2017. (*See id.*) Again, Allstate did not respond, so Becerra wrote to Allstate's in-house counsel, "asking to set arbitration after [Becerra's] deposition which was noticed for June 1, 2017." (*Id.*) On May 2, 2017, Allstate acknowledged Becerra's arbitration demand, indicating arbitration would be set. (*See id.*)

Becerra's deposition went forward as scheduled. (*See* Compl. ¶ 10.) In connection with the arbitration, Allstate retained Raymond Vance, M.D. ("Dr. Vance") to conduct a defense medical examination of Becerra. (*See id.*) According to Becerra, Dr. Vance concluded "the entirety of [Becerra's] care was reasonable and necessary." (*Id.*) Following the medical examination, Becerra made another demand for payment of the full Policy limit. (*See id.*) On February 14, 2018, Allstate returned with a "final" offer of $10,000. (*Id.*) Becerra rejected Allstate's offer and made another request to proceed with arbitration. (*See id.*) The parties considered potential arbitrators but could not agree upon whom to choose. (*See id.*) Becerra avers that Allstate "insisted on using arbitrators who required exorbitant administrative costs and fees," and that she refused to use such arbitrators unless Allstate incurred the cost of the arbitration. (*Id.*) Unable to reach an agreement as to an arbitrator, Becerra served a formal "998 settlement offer" for $17,500, which Allstate rejected. (*Id.* ¶ 11.)

According to Becerra, arbitration stalled for approximately one year because Allstate's "in-house attorney" handling the matter purportedly "had a conflict of interest," requiring him "to withdraw as counsel" and prompting Allstate to obtain a replacement. (Compl. ¶ 12.) To no avail, the parties continued to suggest to one another proposed arbitrators from approximately August of 2019 until March of 2020. (*See id.* ¶¶ 14–15.)

Finally, on March 10, 2020, Allstate agreed to move forward with one of Becerra's proposed arbitrators. (*See id.* ¶ 15.)

Formal arbitration was conducted in August and November of 2020, resulting in an award "against [Allstate] in the sum of $78,086.93," more than $50,000 in excess of Becerra's Policy limit. (Compl. ¶¶ 8, 17.) Allstate paid Becerra $25,000—her Policy limit—on December 1, 2020. (*Id.* ¶ 17.) Additionally, Becerra asked Allstate to pay her arbitration costs and fees "[b]ased upon the amount of the award," in excess of the Policy limit, which Allstate has refused to do. (*Id.*)

### D.     Present Action

Becerra commenced this action against Allstate in San Diego Superior Court on September 23, 2021, alleging breach of contract (Count 1) and breach of the implied covenant of good faith and fair dealing (Count 2). (*See* Compl. ¶¶ 18–31.) Allstate removed this action to federal court on the ground that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interests. (Not. of Removal ¶ 9 (citing 28 U.S.C. § 1441)); *see also* 28 U.S.C. §1332 (diversity jurisdiction statute).

As to Count 1, Becerra alleges Allstate breached the Policy

> by failing to pay [UM] benefits . . . in a reasonably prompt fashion; by making unreasonable lowball offers of settlement throughout the handling of [Becerra's] insurance claim; by unreasonably forcing [Becerra] to complete the [UM] arbitration process, even though it was reasonably clear . . . [Becerra's] claim was a policy limit case; by unreasonably and greatly delaying the arbitration process for four years; by failing to conduct a thorough and reasonably prompt investigation following [Becerra's] presentation of her UM claim . . .; and by otherwise unreasonably and unlawfully delaying the resolution of [Becerra's] [UM] claim.

(Compl. ¶ 22.) Becerra avers that as a "direct" result of Allstate's breach of contract, she "suffered damages under the [Policy] in an amount in excess of $25,000.00." (*Id.* ¶ 23.)

Count 2—Becerra's claim of breach of the implied covenant of good faith and fair dealing—is predicated upon substantially the same theory as Count 1: Allstate's

purportedly unreasonable delay in performing its obligations under the Policy. (*See* Compl. ¶¶ 24–31.) However, Becerra seeks additional types of damages under Count 2, namely, compensation for severe and substantial emotional distress, mental anguish, and suffering; attorney's fees, costs, and expenses incurred in obtaining the Policy benefits from Allstate; and exemplary and/or punitive damages. (*Id.* ¶¶ 29–31.)

On April 14, 2022, Allstate moved to dismiss only Count 1 of the Complaint pursuant to Rule 12(b)(6). (*See* Mot. at 1; Mem. at 2.) Becerra opposes (Opp'n), and Allstate replies (Reply).

## II. LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences therefrom in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

## III. ANALYSIS

Under California law, a contract "is an agreement to do or not to do a certain thing." Cal. Civ. Code § 1549. The elements of a claim for breach of contract are (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's

breach; and, most important here, (4) damages. *See Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008).

Allstate's Motion appears to be predicated upon two grounds. First, Allstate argues that Count 1 is redundant and duplicative of Count 2, and thus the former should be consolidated into the latter. (*See* Reply at 2, 5–6.) Second, Allstate argues Count 1 fails as a matter of law because Becerra does not allege any cognizable damages to sustain a breach of contract claim. (*See* Mem. at 3; Reply at 4–5.) Below, the Court addresses both of Allstate's arguments in turn.

### A. Duplicative Claims

Allstate argues the Court should dismiss Count 1 because it is premised upon substantially the same theory as Count 2: Allstate's purported unreasonable delay in providing Becerra with the UM-coverage benefits to which she is entitled under the Policy. (Reply at 5 ("[Becerra's] allegations in support of her breach of contract claim are the same as those offered in support of her bad faith claim.").) In Allstate's view, these allegations sound in breach of the implied covenant of good faith and fair dealing—not as breach of contract—and thus Becerra should be permitted to pursue Count 2 only. (*Id.* at 2, 5.) Allstate also contends the overlap in allegations supporting Becerra's two claims further supports dismissal of the breach of contract claim. (*Id.* at 5–6.). In support of the premise that district courts may dismiss a breach of contract claim that is practically identical to a claim for breach of implied covenant alleged in the same pleading, Allstate relies principally upon *Mason v. Allstate Ins. Co.*, No. SACV 13-01521-JVS, 2014 WL 212245, at *3 n.3 (C.D. Cal. Jan. 6, 2014).

Same Theory. As an initial matter, the Court disagrees with the notion that Becerra's allegation Allstate unreasonably delayed its performance under the Policy, i.e., providing UM coverage to Becerra over four years after she first submitted a claim following her 2015 accident, resonates solely as a breach of the implied covenant of good faith and fair dealing. California Civil Code Section 1657 explicitly provides that where, as here, "no time is specified" in a contract "for the performance of an act required to be performed, a

- 6 -

reasonable time is allowed." Consequently, California courts conceptualize a party's unreasonable delay in performing a required act under a contract not only as a breach of the implied covenant of good faith and fair dealing but also as "an actionable withholding of benefits that may constitute a breach of contract." *Intergulf Dev. LLC v. Superior Court*, 183 Cal. App. 4th 16, 20 (Cal. Ct. App. 2010) (citing *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007)).

To the extent Allstate argues that Becerra's breach of contract claim should be dismissed because "a delay in the payment of policy benefits cannot salvage a breach of contract claim where all policy benefits have been paid," the Court observes this argument is about whether Plaintiff adequately alleges damages sufficient to state a cause of action, not about whether Becerra's theory of breach of contract is a cognizable one. (*See* Reply at 2.) The Court addresses this issue below, *infra* Sec. III.B. However, contrary to Allstate's insinuation otherwise, it simply is not the case that a plaintiff who has been paid all that is owed to her under an agreement is precluded as a matter of law from pursuing a breach of contract claim on the theory of unreasonable delay. See *Mattson v. United Servs. Auto. Ass'n*, No. 18CV222 JM (KSC), 2019 WL 2330087, at *16 (S.D. Cal. May 31, 2019) ("Unreasonable delay in paying policy benefits or paying less than the amount due is actionable withholding of benefits which may constitute a breach of contract as well as bad faith giving rise to damages in tort." (citing *Intergulf Dev.*, 183 Cal. App. 4th at 20)); *Rabinowitz v. Paul Revere Life Ins. Co.*, 91 F. App'x 563, 568 n.1 (9th Cir. 2004) (holding that despite being paid full benefits, plaintiff has a valid breach of contract claim because he was not timely paid); *Big Bear Trucking Corp. v. Travelers Prop. Cas. Co. of Am.*, No. 2:19-CV-09745-RGK-GJS, 2020 WL 8175606, at *7 (C.D. Cal. Nov. 24, 2020) ("[T]he fact that Travelers paid Big Bear's claim does not allow Travelers to avoid liability for breach of contract if it unreasonably delayed that payment.").

<u>Redundant Allegations</u>. As for Allstate's argument that Becerra's breach of contract claim should be dismissed because the claim's allegations are "duplicative" of the allegations in her breach of implied covenant claim, the Court finds this argument better

suited for a motion to strike under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). A Rule 12(f) motion to strike allows a party to challenge needlessly duplicative or repetitive material in a pleading. *See Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("A 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied."). Rule 12(b)(6) is an improper vehicle for challenging duplicative claims because "[i]n the case of a duplicative [claim], the issue is not that the [claim] is insufficient to state a cognizable legal theory as required by Rule 12(b)(6), but rather that the legal and factual issues contained in the [claim] are redundant with issues already present in the proceeding." *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082 JLR, 2013 WL 2468846, at *3 (W.D. Wash. June 7, 2013).

A motion to strike may be granted if "the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Travelers Cas. & Sur. Co. of Am. v. Dunmore*, No. CIV. S-07-2493 LKK/DAD, 2010 WL 5200940, at *3 (E.D. Cal. Dec. 15, 2010). Prejudice may include, for example, conducting expensive and potentially unnecessary and irrelevant discovery, *see Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010), or "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial," *Ayat v. Societe Air France*, No. C 06-01574 JSW, 2007 WL 1840923, at *1 (N.D. Cal. June 27, 2007). "Motions to strike are generally viewed with disfavor," *Dunmore*, 2010 WL 5200940 at *3 (E.D. Cal. Dec. 15, 2010), and "[c]ourts frequently deny motions to strike where the moving party cannot adequately demonstrate such prejudice," *Gunderson LLC v. BCG Props. Grp., Inc.*, No. 3:19-CV-01569-AC, 2020 WL 1529356, at *4 (D. Or. Mar. 30, 2020).

Allstate's attempt to dismiss Becerra's breach of contract claim on the ground that the claim is duplicative of her breach of implied covenant claim fails to meet the burden of prejudice required for a Rule 12(f) motion to strike. Allstate is silent as to whether the

duplicative nature of Becerra's breach of contract claim will cause prejudice such as "conducting expensive, and potentially unnecessary and irrelevant, discovery," see *Gunderson*, 2020 WL 1529356, at *4, or "caus[ing] the trier of fact to draw unwarranted inferences at trial," see *Ayat*, 2007 WL 1840923, at *1.

Moreover, "courts have noted the distinction between redundant pleading and alternative pleading in denying Rule 12(f) motions." *Gunderson*, 2020 WL 1529356, at *5 (D. Or. Mar. 30, 2020). Under Rule 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Put differently, "a party may plead different theories of a claim when factual or legal issues differ, or when different relief would be available." *Gunderson*, 2020 WL 1529356, at *5 (citing 5C C. Wright & A Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.)). While Becerra's breach of contract and breach of implied covenant claims "may be based on similar or even identical facts," they are not redundant for the purposes of Rule 12(f) because "they rely on different theories and legal authority and are subject to different defenses." *See Shine v. Fuston*, No. 20CV2036-LAB-DEB, 2021 WL 4460885, at *11 (S.D. Cal. Sept. 29, 2021). Indeed, courts have suggested "the type of redundancy Rule 12(f) targets is not legal redundancy, but literal redundancy." *State Farm Gen. Ins. Co. v. ABC Fulfillment Servs., LLC*, No. 1:15-CV00421-KJM-JLT, 2016 WL 159229, at *2 (E.D. Cal. Jan. 13, 2016).

Because Allstate's arguments fail to form the proper grounds for a Rule 12(b)(6) motion or meet the burden for a Rule 12(f) motion to strike, the Court declines Allstate's invitation to dismiss Becerra's breach of contract claim on the ground it is redundant or duplicative.

**B.    Cognizable Damages Under Breach of Contract**

Alternatively, Allstate argues that Becerra's breach of contract claim fails as a matter of law because she fails to allege "compensable damages under a breach of contract theory." (Reply at 4.) Specifically, Allstate avers that Becerra fails to allege cognizable

contract damages because she acknowledges she received the full Policy limit. (*See* Mem. At 4; Reply at 4.) Furthermore, Allstate contends that Becerra is precluded by statute from recovering consequential damages in the form of arbitration expenses. (*See* Mem. at 4.); *see also* Cal. Civ. Proc. Code § 1284.2.

"[T]o support an action at law for breach of contract, the plaintiff must show it has suffered damage." *Emerald Bay Cmty. Ass'n. v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1088 (Cal. Ct. App. 2005). Failure to do so justifies dismissal under Rule 12(b)(6). *See Mason*, 2014 WL 212245 at *3 (dismissing plaintiff's breach of contract claim because plaintiff "failed to adequately plead that he has in fact suffered damages that are recoverable under a breach of contract theory"); *see also Gardner v. Health Net, Inc.*, No. CV 10-2140 PA (CWX), 2010 WL 11597979, at *6 (C.D. Cal. Aug. 12, 2010) (dismissing plaintiffs' breach of contract claim because plaintiffs "failed to allege any cognizable damages").

"Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at the time." *Erlich v. Menezes*, 21 Cal. 4th 543, 550 (1999) (quoting *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994)). Put differently, "[d]amages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach." *Speirs v. BlueFire Ethanol Fuels, Inc.*, 243 Cal. App. 4th 968, 989 (Cal. Ct. App. 2015)*.*

### 1. Direct Damages

Under California law, the measure of direct damages for breach of contract is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby." Cal. Civ. Code § 3300. Thus, direct damages for a breach of contract claim cannot, as a matter of law, exceed the value of the promised performance under the contract by the party in breach. *See Speirs*, 243 Cal. App. 4th at 989 (instructing that direct damages "compensate for the value of the promised performance").

The Court takes particular note of *Paulson v. State Farm Mutual Automobile Insurance Co.*, 867 F. Supp. 911 (C.D. Cal. 1994), proffered by Allstate. As with Becerra, the policyholder-plaintiff in *Paulson* alleged that his insurer-defendant's initial refusal to pay benefits under his policy constituted a breach of contract, despite the fact that his insurer ultimately paid the full policy limit following arbitration. *See id.* at 917. The *Paulson* Court held that the policyholder had failed to show he had suffered any direct, or general, damages as a matter of law because he had received the full policy limit, albeit after a purportedly unreasonable delay. *See id.* at 918; *see also Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 660 (Cal. Ct. App. 2008) (holding that plaintiff fails to bring claim for breach of contract because insurer paid up to policy limit as expressly provided in insured's policy).

As in *Paulson*, Becerra has not suffered any direct damages flowing from breach of the Policy, as a matter of law, because she explicitly alleges that she has already received the $25,000 Policy limit. (*See* Compl. ¶ 17.) That amount represents the maximum value of Allstate's performance under the Policy (Policy 31, 58),[3] and thus the maximum amount of general damages Becerra can recover by this action, *see Speirs*, 243 Cal. App. 4th at 989 (holding general damages equals the value of the promised performance). Becerra cannot, on the one hand, concede she was paid the full Policy limit and, on the other hand, allege that she is entitled to recover that amount, for a second time, by this action. That would result in a complete windfall in favor of Becerra, in contravention of the well-settled rules on contract damages and California statutory law. *See Benard v. Walkup,* 272 Cal. App. 2d 595, 605 (Cal. Ct. App. 1969) ("[A] person cannot recover damages for breach of a contract a greater amount than he could have gained by the full performance thereof on both sides."); Cal. Civ. Code § 3358 ("Except as expressly provided by statute, no person

---

[3] In the section of the Policy addressing UM coverage entitled "Limits of Liability," the Policy states that "[t]he coverage limit shown on the Policy Declarations for a) 'each person' is the maximum that [Allstate] will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including all damages sustained by anyone else as a result of that bodily injury." (Policy at 31; *see also id.* at 58.)

can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides.").

Accordingly, because Allstate paid Becerra the Policy limit of $25,000, the Court finds that Becerra fails to allege direct damages arising from breach of contract.

### 2. Consequential Damages

Becerra argues correctly that the absence of direct damages does not necessarily portend dismissal of Count 1. Allstate's Rule 12(b)(6) challenge fails if Becerra has alleged cognizable consequential damages. *See Paulson*, 867 F. Supp. at 917–18 (finding "no damages as a matter of law for breach of contract" because plaintiff failed to allege *both* direct damages *and* "incidental damages resulting from any alleged breach of contract"). Therefore, the Court next turns to assessing whether the Complaint adequately alleges consequential damages flowing from Allstate's purported breach of contract.

Consequential damages comprise "the losses that are foreseeable and proximately caused by the breach of a contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 969 (2004). The measure of consequential damages for breach of contract is "the amount . . . which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. As mentioned above, consequential damages "compensate for additional losses incurred as a result of the breach." *Speirs*, 243 Cal. App. 4th at 989.

Although Becerra alleges damages exceeding $25,000 in connection with Count 1, she does not explicitly allege any consequential damages flowing from Allstate's purported breach. (*See* Compl. ¶¶ 22–23.) She alleges "direct" damages only. (*Id.* ¶ 23.) Nevertheless, relying on *Mattson v. United Services Automobile Ass'n*, No. 18CV222 JM (KSC), 2019 WL 2330087, at *1 (S.D. Cal. May 31, 2019), Becerra avers that she has adequately alleged consequential damages to pass Rule 12(b)(6)'s scrutiny. In *Mattson*, District Judge Jeffrey T. Miller of the United States District Court for the Southern District of California concluded that a policyholder-plaintiff similarly situated to Becerra had adequately alleged breach of contract where the plaintiff alleged consequential damages

flowing from the insurer's failure to timely pay benefits.  In particular, the plaintiff alleged that the insurer's delay had caused "an increase of her attorney's fees" and, moreover, "a loss of [her business] earnings because [she] was required to reschedule client appointments." *Id.* at *17.

While *Mattson* supports the proposition that a policyholder can sustain a breach of contract claim against an insurer for failing to adequately perform under the policy even where an insurer pays the full policy limit, it simultaneously highlights the deficiency of Becerra's pleadings.  Unlike the plaintiff in *Mattson*, Becerra's Complaint is devoid of any factual information that would enable this Court to decipher what consequential damages she suffered as a result of Allstate's alleged breach.  Becerra merely alleges that Allstate unreasonably delayed payment of benefits under the Policy and resolution of her claim and that she suffered damages exceeding $25,000 as a "direct" result of that purported breach. (*See* Compl. ¶¶ 22, 29–31.)  Without more, this Court cannot presume that Allstate's delay in the payment of Policy benefits caused Becerra economic loss; merely alleging a delay does not amount to plausible consequential damages.  *See Maxwell v. Fire Ins. Exch.*, 60 Cal. App. 4th 1446, 1450 (Cal. Ct. App. 1998) ("[A] delay in paying policy benefits, even if in an unreasonable manner, does not in itself establish economic loss to the plaintiff.").

Becerra alleges damages from being "forced to retain attorneys and incur substantial costs and expenses to obtain the policy benefits from [Allstate]," but she does so under Count 2, not Count 1.  (Compl. ¶ 30.)  Even if the Court were to attribute this allegation to both Counts, Becerra's breach of contract claim would still fail.

As an initial matter, Becerra is precluded by statute from recovering fees incurred during arbitration.  *See* Cal. Civ. Proc. Code § 1284.2.  California Code of Civil Procedure Section 1284.2 ("Section 1284.2") provides:

> Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not

> including counsel fees or witness fees or other expenses incurred by a party for his own benefit.

California courts have interpreted this statute to mean that parties who participate in UM arbitration proceedings are "not entitled to the costs . . . incurred in arbitration," absent a provision in the insurance policy providing otherwise. *Austin v. Allstate Ins. Co.*, 16 Cal. App. 4th 1812, 1817 (Cal. Ct. App. 1993); *see also Mason*, 2014 WL 212245, at *3 ("While California law does permit a plaintiff to recover attorneys' fees for bad faith claims against insurers, no similar rule extends to insurance breach of contract cases.").

The Policy here explicitly requires Becerra to cover her own attorney's fees and fees paid towards medical or other expert witnesses in connection with arbitration. (*See* Policy at 44 ("All expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical or other expert witnesses are not considered arbitration expenses and are to be paid by the party incurring them.").) Thus, to the extent Becerra alleges she is entitled to consequential damages attributable to fees she incurred during arbitration, those damages are not cognizable in this context.

To the extent Becerra alleges Allstate caused her to incur other "costs and expenses" arising out of arbitration besides attorneys' and medical experts' fees, the Complaint does not enable this Court to determine what those other "costs and expenses" are. Put simply, more is needed for this Court to draw a plausible inference in Becerra's favor. *See Maxwell*, 60 Cal. App. 4th at 1450 ("[A] delay in paying policy benefits, even if in an unreasonable manner, does not in itself establish economic loss to the plaintiff."). Accordingly, the Complaint also does not adequately allege cognizable, consequential damages. Because Becerra fails to allege cognizable damages, the Court finds that Becerra fails to state a claim for breach of contract. *See Mason*, 2014 WL 212245 at *3.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES without prejudice** Count 1. If Becerra chooses to amend her complaint to address the deficiencies outlined in this order, she must do so **by no later than July 21, 2022**. If no

amended complaint is filed by July 21, 2022, Allstate's answer to the complaint is **due by July 28, 2022**.

   **IT IS SO ORDERED.**

**DATED: June 30, 2022**

                     Hon. Cynthia Bashant
                     United States District Judge